# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENN HILLS SCHOOL DISTRICT | : |
| Plaintiff, | : |
| v. | : Civil Action No. 2:21-cv-363 |
| S.B., a minor, and his parent, D.T., | : |
| Defendants. | : |

## COMPLAINT

AND NOW, comes the Plaintiff, Penn Hills School District, by and through its undersigned counsel, Aimee R. Zundel, Esquire, and the law firm of Weiss Burkardt Kramer LLC, and hereby files the following Complaint, and avers as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is proper under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400.

2. Penn Hills School District ("District") has exhausted its remedies under the provisions of the IDEA by participating in an impartial due process hearing as required by 20 U.S.C. §1415(f). A true and correct copy of the December 17, 2020 Decision and Final Order ("Decision") is attached and marked "Exhibit A."

3. Venue lies within the Western District of Pennsylvania as the actions complained of occurred within this judicial district.

## PARTIES

4. Plaintiff District is a political subdivision within the Commonwealth of Pennsylvania with a principal place of business at 260 Aster Street, Pittsburgh, PA 15235.

5. Defendant S.B. is a resident child enrolled in the District. S.B. qualifies for protection under the IDEA as a student with a disability.

6. Defendant D.T. is the natural guardian of S.B. who resides within the District's geographical boundaries. S.B. and D.T. are hereinafter collectively referred to as "Defendants."

**FACTUAL BACKGROUND**

7. S.B. qualifies for special education as a student with Emotional Disturbance and an Other Health Impairment.

8. S.B. has historically been diagnosed with Attention Deficit Hyperactivity Disorder, Autism, Oppositional Defiant Disorder, and Intermittent Explosive Disorder.

9. S.B. receives Supplemental Emotional, Learning, and Speech/Language Support from the District.

10. S.B. has been in residential placement twice over the past several years and is currently in a shelter, as a step-down from his most recent residential placement.

11. During the 2018-2019 school year, S.B. was in the 9th grade.

12. S.B. began the 2018-2019 school year in an out-of-district Residential Treatment Facility (RTF).

13. At the end of April 2018, S.B. was to return to the District from the RTF. The District invited S.B. and D.T. to participate in an IEP Team meeting.

14. The IEP Team, including D.T., agreed that S.B. would receive Full Time Emotional Support from District. S.B. received this level of support for the remainder of the 2018-2019 school year.

15. S.B.'s IEP Team convened again, within 30 days of his return to the District, on May 29, 2018.

16. In September 2018, the District convened S.B.'s Individualized Education Program (IEP) Team.

17. Recognizing his academic and behavioral progress, and leaning on the requests of D.T., the IEP Team altered S.B.'s schedule. He received special education support for Math, English, but was educated with nondisabled peers for Civics, Biology and all other courses.

18. On September 4, 2018, a Notice of Recommended Educational Placement (NOREP) was issued to memorialize the support schedule agreed to by S.B.'s IEP Team.

19. On September 24, 2018, S.B.'s IEP Team met to review his educational program.

20. On October 31, 2018, S.B.'s IEP Team met again to review his educational program.

21. In November 2018, S.B.'s IEP Team recommended that he receive a higher level of emotional support programming – namely, Full Time Emotional Support.

22. Also, in November 2018, the District initiated a Permission to Reevaluate, including a review of academic and behavioral assessment data, and a Functional Behavioral Assessment (FBA).

23. In January 2019, the District issued a Reevaluation Report. The RR acknowledged S.B.'s continued eligibility for special education programming.

24. In February 2019, S.B.'s IEP Team convened. The Team concluded that S.B. continued to require Full Time Emotional Support.

25. On June 5, 2019, S.B.'s IEP Team reconvened and recommended placement at an out-of-District program. D.T. agreed with this placement and signed a NOREP indicating the same.

26. During the 2019-2020 school year, S.B. was in the 10th grade.

27. Despite an initial planned return to the District, S.B. was court-placed at a RTF within the Erie Public School District sometime after June 2019.

28. S.B. returned to the District at or around the time of the state-wide COVID-19 school closure issued by Governor Wolf on March 13, 2020.

29. On June 24, 2020, D.T. filed a due process complaint with the Office for Dispute Resolution ("ODR"). A true and correct copy of the June 24, 2020 Due Process Complaint ("Complaint") is attached and marked "Exhibit B."

30. D.T.'s due process complaint alleged that the District failed to offer a free appropriate public education (FAPE) to S.B. from March 2018 through June 2019. *See* Exhibit A, p.2. It included no other claims.

31. Hearings were held on September 9, 2020, September 16, 2020, and October 7, 2020.

32. On September 16, 2020, the District presented documentary evidence and the testimony of two witnesses.

33. On October 7, 2020, the District moved forty-nine (49) exhibits into evidence which represented the contents of S.B.'s educational file with the District.

34. On October 16, 2020, pursuant to the Hearing Officer's request, the District filed an Affidavit and Declaration confirming that the documents represented the

4

educational file and that the same had been provided to the Hearing Officer and D.T. A copy of this transmittal is included as "Exhibit C."

35. On December 17, 2020, the Hearing Officer issued a decision.

36. The Hearing Officer awarded S.B. 675 hours of compensatory education for the period of February-June 2019.

37. The Hearing Officer further awarded S.B. 202.5 hours of Extended School Year (ESY) compensatory education.

## COUNT I

**THE HEARING OFFICER ERRED WHEN HE ORDERED COMPENSATORY EDUCATION BASED UPON PROCEDURAL ERRORS ALONE, RESULTING IN NO SUBSTANTIVE DENIAL OF FAPE TO THE STUDENT.**

38. Plaintiff hereby incorporates the allegations of the foregoing paragraphs into Count I.

39. The Hearing Officer's decision provides, in relevant part – [A]pplying *Rowley, Endrew, Dunn*, and after factoring in the preponderant evidence of procedural violations, for all the reasons that follow, I now find the District failed to offer and provide the Student with a FAPE from February 2019 through June 2019, an appropriate Final Order granting appropriate relief follows."

40. A remedy of compensatory education is only appropriate when an eligible child's substantive rights are affected because of a school district's violation of IDEA procedural standards. *D.K. v. Abington School District*, 696 F.3d 233 (3d Cir. 2012).

41. Procedural violations of the IDEA are a denial of FAPE only where they result in loss of an educational opportunity, seriously infringe on the parents' opportunity

5

to participate in development of the IEP, or cause a deprivation of educational benefits. 34 C.F.R. §300.513; *C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59, 66 (3d Cir. 2010).

42. The Hearing Officer improperly based his award of compensatory education on a finding that the District violated S.B.'s IDEA procedural rights.

43. The Hearing Officer failed to make any findings of fact or conclusions of law which demonstrate loss of an educational opportunity for S.B., serious infringement on D.T.'s opportunity to participate in development of S.B.'s IEP, or cause a deprivation of educational benefits.

44. Thus, the Hearing Officer committed an error of law.

45. The District did not violate S.B. substantive rights and provided S.B. with FAPE.

WHEREFORE, Plaintiff demands that the Hearing Officer's award of compensatory education be reversed.

## COUNT II

**THE HEARING OFFICER ERRED WHEN HE FOUND THAT SEVERAL ONE-PAGE IEP TEAM MEETING NOTES DOCUMENTS WERE NONCOMPLIANT BECAUSE THEY LACKED A STATEMENT OF PRESENT LEVELS, GOALS, TRANSITION SERVICES, SDI, A POSITIVE BEHAVIOR SUPPORT PLAN, RELATED SERVICES OR SUGGESTED ACCOMMODATIONS."**

46. Plaintiff hereby incorporates the allegations of the foregoing paragraphs into Count II.

47. The Hearing Officer found that a procedural violation existed because several one-page IEP meeting notes documents issued by the District did not include "a

statement of present levels, goals, transition services, SDI, a positive behavior support plan, related services or suggested accommodations." *See, e.g.*, Exhibit A, p.10.

48. For each IEP meeting where a one-page IEP meeting note document was created, S.B. had in place an IEP which reflected a statement of present levels, goals, transition services, SDI, a positive behavior support plan, related services and accommodations.

49. Thus, no procedural violation lies.

WHEREFORE, Plaintiff demands that the Hearing Officer's award of compensatory education based upon procedural violations found in error must be reversed.

## COUNT III

**THE HEARING OFFICER ERRED WHEN HE FOUND THAT THE DISTRICT OWED 675 HOURS OF COMPENSATORY EDUCATION FOR THE PERIOD OF JANUARY THROUGH JUNE 2019.**

50. Plaintiff hereby incorporates the allegations of the foregoing paragraphs into Count III.

51. Plaintiff alleges that the Hearing Officer erred when he ordered the District to provide 675 hours of compensatory education.

52. On appeal of an IDEA case, the Court exercises a modified *de novo* review, giving "due weight" to the findings of the Hearing Officer. *P.P. v. West Chester Area Sch. Dist.*, 585 F.3d 727, 734 (3d Cir.2009).

53. The Hearing Officer did not make adequate findings to support his determination that S.B. was entitled to 675 hours of compensatory education.

54. The Hearing Officer used a 7.5-hour instructional day and approximated 90 school days between February and June of the 2018-2019 school year, by stating that, on average, there are 20 school days per month.

55. The Hearing Officer engaged in no consideration or calculation of days when programming was made available to S.B. but S.B. did not attend, as reflected in various District Exhibits, such as School District Exhibits 38 & 46 ("S-38" and "S-46").

56. The Hearing Officer did not consider S.B.'s enrollment at the Shuman Center School, a juvenile detention center, from May 20, 2019 through June 4, 2019.

57. During enrollment at Shuman Center School, S.B. was enrolled in a full day school program including both academics (Social Studies, Math, Reading, English, and Science), as well as electives (Family and Consumer Science, Physical Education, Teen Life, and Art).

58. S.B.'s performance while at Shuman Center was satisfactory, and he received proper credit for attending and completing work.

59. The Hearing Officer did not consider the precise day on which S.B.'s school year ended in 2018-2019, instead assuming that 10 school days occurred in June 2019 because there are, on average, 20 school days per month.

60. Progress reports were issued on June 8th and June 11th, 2018 by the District for S.B.'s IEP goals.

61. The amount of compensatory education owed to a student is calculated by isolating the period of deprivation and excluding the time reasonably required for the school district to rectify the problem. *M.C. v. Cent. Reg. Sch. Dist.*, 81 F.3d 389, 397 (3d Cir. 1996).

62. A Hearing Officer's equitable remedy must account for the reasonable rectification period.

63. Because the Hearing Officer's expressly did not account for a reasonable rectification period, the Hearing Officer's award of compensatory education was issued in error.

WHEREFORE, Plaintiff demands that the Hearing Officer's award of 675 hours of compensatory education be reversed.

## COUNT IV

### THE HEARING OFFICER ERRED WHEN HE FOUND THAT THE DISTRICT OWED 202.5 HOURS OF COMPENSATORY EDUCATION FOR ESY DURING THE SUMMER OF 2020.

64. Plaintiff hereby incorporates the allegations of the foregoing paragraphs into Count IV.

65. D.T.'s Due Process Complaint ("Complaint") raised no issue or claim with regard to S.B.'s extended school year ("ESY") program.

66. Specifically, page 2 of the Complaint has filers indicate whether their request for a due process hearing is based on a disagreement about either discipline or ESY. D.T. did not indicate a disagreement about ESY, as the box remains unchecked.

67. Further, D.T. did not indicate that S.B. is in the ESY target group on her Complaint.

68. D.T.'s narrative attachment to the Complaint similarly fails to include claims about ESY.

69. The Hearing Officer framed the issues for determination in due process as follows:

   a. Did the District offer the Student a free appropriate public education from March 2018 through June 2018? If not, should the Student be awarded appropriate relief?

   b. Did the District offer the Student a free appropriate public education from September 2018 through June 2019? If not, should the Student be awarded appropriate relief?

*See* Exhibit A, p.4.

70. The Hearing Officer acknowledges in the Decision and Order that Parent pleaded no ESY claim, by stating "[t]he ESY claim is not pleaded individually." *See Exhibit A*, p.35.

71. No ESY or summer programming issues were identified in the scope of due process.

72. Because the Complaint was devoid of any ESY claims, the District was not on notice that it would be required to defend such claims and, as a result, presented no evidence relating to ESY during the due process hearing. Evidence presented was limited to issues outlined in the four corners of D.T.'s Complaint and the framing of issues by the Hearing Officer during the initial hearing session.

73. The Hearing Officer's decision included the following finding with regard to ESY – "[A]pplying *Rowley, Endrew, Dunn*, along with the Armstrong Remedial Order #2, and after factoring in the preponderant evidence of procedural violations, I now find that the District failed to offer the Student an appropriate 2020 ESY summer program; an appropriate Order follows."

74. The Hearing Officer awarded S.B. 202.5 hours of Extended School Year (ESY) compensatory education.

75. The parent or LEA may request a due process hearing with respect to any matter relating to the identification, evaluation, or educational placement of the student or the provision of a free appropriate public education (FAPE).

76. Parent did not raise any matter or issue with respect to Student's ESY programming. Therefore, the Hearing Officer's ESY compensatory education award was outside the scope of the hearing and issued in error.

77. Furthermore, the Hearing Officer's calculation of ESY compensatory education hours was made in error, by approximating that a typical ESY program runs for 8 to 10 weeks on average for 4.5 hours per day, citing no authority or evidence for this conclusion. *See* Exhibit A, p.38.

WHEREFORE, Plaintiff demands that the Hearing Officer's award of 202.5 for Extended School Year programming be reversed.

## COUNT V

**THE HEARING OFFICER ERRED WHEN HE ORDERED RELIEF TO DEFENDANTS WITHOUT CONSIDERING THE AFFIDAVIT AND DECLARATION OF PENN HILLS SCHOOL DISTRICT.**

78. Plaintiff hereby incorporates the allegations of the foregoing paragraphs into Count V.

79. On October 16, 2020, pursuant to the Hearing Officer's request, the District submitted an Affidavit and Declaration confirming that the documents represented the educational file and that the same had been provided to the Hearing Officer and D.T. A copy of this transmittal is included as "Exhibit C."

80. The Hearing Officer's Decision provides at p.3, n.3, in pertinent part –

"Once the Parent response was received this hearing officer would then make a determination if testimony was necessary to clear up any disputes with the Affidavit or the Exhibits. The District never filed the Affidavit, the gaps still exist and the Parent never objected to the Exhibits."

81. Plaintiff alleges that the Hearing Officer erred when he failed to consider the District's Affidavit and Declaration.

82. Plaintiff requested correction of this error and any substantive findings impacted by the Hearing Officer's error via email on December 22, 2020.

83. The Hearing Officer declined to correct the error, and ODR filed counsel's October 16th and December 22nd emails with the official record.

WHEREFORE, Plaintiff, the Penn Hills School District, demands that the Hearing Officer's Order be reversed in its entirety for failure to acknowledge and review the Affidavit and Declaration of Penn Hills School District.

Respectfully submitted,

By: *[signature]*

Aimee Rankin Zundel, Esquire
Pa. ID. No.: 208694
azundel@wbklegal.com

**WEISS BURKARDT KRAMER**
445 Fort Pitt Blvd., Suite 503
Pittsburgh, Pennsylvania 15219
412.391.9890

# CERTIFICATE OF COMPLIANCE

### RE:  ACCESS TO COURT CASE RECORDS

**Case No.:**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully Submitted,

**WEISS BURKARDT KRAMER LLC**

Signature: *[signature]*

Printed Name:  Aimee Rankin Zundel

Attorney No. (if applicable):  208694

Phone No.:  412-391-9890